# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR256-8

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **AMENDED**[1] |
| Vs. ) | **ORDER** |
| ) | |
| **JULIE PONICE McCULLOUGH.** ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant's Motion for a Bill of Particulars. Review of such motion reveals that defendant raises the following issues:

(1) the Bill of Indictment is insufficient because it contains only legal conclusions;

(2) the Bill of Indictment is improper because no overt acts were alleged; and

(3) there is a double jeopardy concern because of a prior state conviction.

For relief from such purported errors, defendant seeks a Bill of Particulars. The United States has filed a timely response, to which no reply has been filed.

A true Bill of Indictment was returned in this matter on or about October 24, 2005. Count One of the Bill of Indictment alleges that from in or around January 2003 and continuing until the present, in Cleveland County, which is within the Western District of North Carolina, and elsewhere, that the defendant, along with eleven others did knowingly and intentionally combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to possess with intent to distribute cocaine base, a schedule II

---

[1] Amended Order entered to correct typographical errors in original. Amendments have been underlined to aid review by respective counsel.

controlled substance. The Grand Jury found that such alleged conspiracy involved more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841 and 846. Review of such indictment reveals that it is consistent with the standard drug conspiracy indictment returned in this district for years.[2] The court will now address each of defendant's contentions.

**I.       Bill of Indictment Contains Only Legal Conclusions**

Defendant first contends that a Bill of <u>Particulars</u> is warranted because the indictment contains only legal conclusions. Specifically, defendant argues that "the indictment contains a *de minimis* allegation of conspiracy that does no more than track the statutory language of the conspiracy statute." Motion, at 2. The Supreme Court has long held, however, that no more is required:

> Petitioners attack the sufficiency of the indictment under which they were charged for two reasons: first, that it charged them only in the statutory language . . . and, second, that the indictment failed to give them adequate notice of the charges against them.
>
> * * *
>
> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.

---

[2]       The only variation of note is the allegation that defendants conspired with "others" rather than each other. In the Superseding Bill of Indictment returned on December 6, 2005, the Grand Jury now alleges that the defendants conspired "with each other and others, both known and unknown to the Grand Jury."

Hamling v. United States, 418 U.S. 87, 117 (1974) (citations and corresponding quotation marks omitted). The indictment in this case provides defendant with the approximate dates of the alleged conspiracy, the county within the district that such alleged conspiracy purportedly took place, a charge which tracks the language of the applicable statutes, the names of alleged coconspirators, and a specification as to the minimum amount and type of controlled substance involved. The court can find absolutely no legal merit in defendant's contention that the Bill of Indictment is insufficient because it contains only legal conclusions.

## II.     Failure to Allege Overt Acts

Defendant next contends that a Bill of Particulars is warranted because the Bill of Indictment contains no allegations as to any overt acts in furtherance of the alleged conspiracy. As a sub-contention, defendant assigns error to the fact that the United States has not named the "other" persons with whom she allegedly conspired. See F.N.1.

The Supreme Court has for more than a decade held that the United States may charge a drug conspiracy using only the statutory language, and that an overt act need not be pleaded or even proved.

> What the Ninth Circuit failed to recognize we now make explicit: In order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy.

United States v. Shabani, 513 U.S. 10, 15 (1994). The Court in Shabani went on to hold that drug conspiracies may be charged using only the statutory language and do not require an

overt act to be pleaded or proved, id., inasmuch as it is not an essential element of a Section 846 conspiracy. United States v. Bolden, 325 F.3d 471, 491 (4th Cir. 2003).

As to defendant's sub-contention that the indictment is defective because the language "others unknown to the grand jury" does not specify "who those individuals are or what their participation in the alleged conspiracy was," there is no requirement that the government name or otherwise identify in the charging instrument the names of unindicted coconspirators. Indeed, to name unindicted coconspirators in the charging instrument would violate fundamental fairness, which has long been recognized in the Fourth Circuit:

> There is no place in a criminal indictment for mention of a person accused of crime who is not formally accused of that crime by being indicted. The grand jury's task, in the exercise of its dual role, is to determine whether there is sufficient evidence against a specific individual charged with a specific crime to justify a trial.
> * * *
> There can be little doubt that the naming of persons as unindicted co-conspirators is a calumniation of private citizens. It is in direct contradiction to the purpose and protections of the normal indictment system, in which charges against an individual . . . being considered need not be made known until it has been determined that there are grounds to hold him to answer.

Application of Jordan, 439 F.Supp. 199, 204 (S.D.W.Va. 1977)(citations and corresponding quotation marks omitted). The proper place for a defendant to find names of unindicted coconspirators is in the discovery materials, which is made simple in this district through the government's open file policy. See F.N.1.

The court can find no legal merit to defendant's contention that the Bill of Indictment is improper because no overt acts were alleged and no unindicted coconspirators were

named.

## III. Double Jeopardy

Finally, defendant contends that a Bill of Particulars is warranted because of the possibility of double jeopardy arising from a felony drug conviction in the North Carolina General Court of Justice, Superior Court Division, for Cleveland County. This contention has been long resolved by the separate sovereigns doctrine.

Double jeopardy can exist only where a defendant is placed in jeopardy before the trier of fact with jurisdiction over both the subject matter and the defendant. Nottingham v. Zahradnick, 573 F.2d 193 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Under the dual-sovereignty concept, prosecution under federal law does not prohibit prosecution of the same person for the same act under state law; consequently, state prosecution does not bar action in federal court. Abbate v. United States, 359 U.S. 187 (1959); Bartkus v. Illinois, 359 U.S. 121 (1959); United States v. Iaquinta, 674 F.2d 260 (4th Cir. 1982). In Heath v. Alabama, 474 U.S. 82, 88 (1985), the Supreme Court held:

> The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offences." United States v. Lanza, 260 U.S. 377, 382 (1922). As the Court explained in Moore v. Illinois, 14 How. 13, 19 (1852), "[a]n offence, in its legal signification, means the transgression of a law." Consequently, when the same act transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable." Id., at 20.

Id. Under the dual-sovereignty doctrine, defendant may be tried and convicted twice based on the same substantive act if such conduct offends two sovereigns.

To the extent that defendant may be attempting to use the United States' *Petite Policy* as a Bar to this action, that policy is no more than a "housekeeping provision" of the United States Department of Justice and does not entitle defendant to the relief sought in this motion. United States v. Howard, 590 F.2d 564, 567-68 (4th Cir.), cert. denied, 440 U.S. 976 (1979).

The court can find no merit in defendant's contention that a Bill of Particulars is Warranted because there is a double jeopardy concern based on a prior state conviction.

## IV.    Conclusion

Having considered defendant's Motion for a Bill of Particulars and reviewed the pleadings, it appears good cause has <u>not</u> been shown for the relief sought. Defendant has not shown that the information sought is unavailable through the open-file policy. A bill of particulars is appropriate where the indictment is sufficient to charge an offense, but insufficient to inform defendant of the particulars as to which he will have to defend at trial. United States v. Debrow, 346 U.S. 374 (1953). A bill of particulars is not, however, a discovery device, and cannot be used to bring about a result prohibited by Rule 16, Federal Rules of Criminal Procedure. Wong Tai v. United States, 273 U.S. 77 (1927). The function of a bill of particulars is to inform the defendant of the essential facts on which the charges are based in order to aid defense preparation. United States v. Schembari, 484 F.2d 931 (4th Cir. 1973). See also United States v. Duncan, 598 F.2d 839 (4th Cir.), cert. denied, 444 U.S.

871 (1979).

> The proper scope and function of a bill of particulars is not to obtain disclosure of evidence to be offered by the government at trial, but to minimize surprise, to enable movant to obtain such facts as are needed to prepare his defense, and to preclude a second prosecution for the same offense. A bill of particulars is not intended to give a defendant the benefits of the government's investigative efforts. Nor may it be used to compel disclosure of the government's legal theory prior to trial. A defendant is only entitled to know those central facts which will enable him to conduct his own investigation of the transactions that resulted in the charge against him. Moreover, a defendant is `not entitled to compel the government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the perimeters of its case in advance of trial.'

United States v. Stroop, 121 F.R.D. 269 (E.D.N.C. 1988) (citations omitted; quoting United States v. Manotti, 323 F. Supp. 683, 696 (D. Del. 1971)).

The motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for a Bill of Particulars is **DENIED.**

**Signed: December 21, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge